# Debolt *versus* Dunkard School District.
# Gray *versus* Richhill School District.

1. The bounty laws of 1864 confer an authority, but impose no duty upon the townships to pay bounties.

2. Without an offer by the school board there is no presumption that the enlistment is in consideration of receiving a township bounty ; the offer and acceptance by enlistment are both necessary to raise a duty, from which a contract to pay can be implied.

3. After being drafted, the man procured a substitute, but the district had made no offer before the enlistment, nor was there any subsequent resolution to pay those who had enlisted.   *Held*, that there was no obligation on the district to pay bounty to the principal.

4. Under the Act of August 25th 1864, § 3, the draft did not cease when the name was drawn ; the person on whom the lot falls is not fixed in the service but may put in a substitute, who earns the bounty, which is transferred to the principal only when he has paid the substitute.

5. Liability to service and payment to the substitute constitute the principal's claim to the bounty.

BOTH cases were writs of error to the Court of Common Pleas of *Greene county.*

The first was an action of assumpsit, brought July 3d 1865, by John H. Debolt against Dunkard School District, to recover $300 bounty.

The plaintiff was drafted September 19th 1864, and on the 4th of October he put in a substitute, who was mustered into service for one year, and credited to the quota of Dunkard township : he paid the substitute $800.

[Debolt v. Dunkard School District.]

On a reserved point the court entered judgment for the defendant, Gilmore, P. J., delivering the following opinion :—

"We think the plaintiff is not entitled to recover. The 3d section of the Act of the 25th of August 1864, Pamph. L. 987, applies only to persons liable to draft. This was the only provision in reference to putting in substitutes, at the time the plaintiff put in his substitute. He was then a drafted man, and did not belong to the class proposed to be relieved. Afterward by the third proviso of the 1st and only section of the Act of the 25th of March 1865, Pamph. L. 25, the provisoes of the provisions of the Act of the 25th of March 1864, were extended ' to any person furnishing a substitute ;' but the act came too late for the plaintiff's purpose, the substitute was furnished before that date, and the provisions therein made cannot reach to him."

The other case was for a similar cause of action, brought May 2d 1866, by D. W. Gray against Richhill School District. The plaintiff was drafted, and on the 20th of September 1864 procured a substitute, to whom he paid $600, and who was mustered into the service for one year, and credited to Richhill township.

On a reserved point, the court (Gilmore, P. J.) entered judgment for the defendant for the reasons given in the first case.

In each case, so rendering judgment was assigned for error.

*A. A. Purman*, for plaintiff in error, cited Act of August 25th 1864, § 2, Pamph. L. 987 ; Act of Congress July 4th 1864, § 1, Brightly's Dig. 46, pl. 293 ; Kerlin *v.* Bull, 1 Dallas 478 ; Levering *v.* Philadelphia and Germantown Railroad Co., 8 W. & S. 459 ; Dreddrick *v.* Wood, 3 Harris 9 ; Stormfeltz *v.* Manor Turnpike Co., 1 Id. 555 ; Stewart *v.* McMinn, 5 W. & S. 100 ; Bones *v.* Booth, 2 W. Black. 1226 ; Wolcott *v.* Pond, 19 Conn. 597 ; Bryan *v.* Dennis, 4 Florida 445 ; Speer *v.* School Directors of Blairsville, 14 Wright 150 ; Commonwealth *v.* Hartman, 5 Harris 118 ; Commonwealth *v.* Penn. Ins. Co., 1 Id. 166 ; Commonwealth *v.* Chomtre, 4 Dallas 144 ; Moore *v.* Houston, 3 S. & R. 184 ; United States *v.* Wiltberger, 7 Wheat. 76 ; People *v.* Utica Ins. Co., 15 Johns. 380 ; Whitney *v.* Whitney, 14 Mass. R. 92 ; Gibbons *v.* Ogden, 9 Wheat. 189 ; 4 Kent's Com. 511, 515 ; Dwarris on Stat. 726 ; Douglass *v.* Howland, 24 Wend. 45 ; Act of March 1864, Pamph. L. 85 ; Schenley *v.* Commonwealth, 12 Casey 29 ; Lycoming *v.* Union, 3 Harris 166 ; Harvey *v.* Thomas, 10 Watts 63 ; Hepburn *v.* Curtz, 7 Id. 300 ; Bolton *v.* Johns, 5 Barr 145 ; Hess *v.* Werts, 4 S. & R. 361 ; Booth *v.* Woodbury, 5 Am. Law Reg. N. S. 202 ; Sharpless *v.* Mayor, 9 Harris 147 ; Kirby *v.* Shaw, 7 Id. 260 ; Commonwealth *v.* Maxwell, 3 Casey 456 ; Commonwealth *v.* McCloskey, 2 Rawle 374 ; Stuber's Road, 4 Casey 199 ; Weister *v.* Hade, 2 P. F. Smith 474 ; Tyson *v.* Halifax, 1 Id. 9.

[Debolt *v.* Dunkard School District.]

*Black & Phelan*, for Dunkard District, and *Wyley & Buchanan*, for Richhill District, defendants in error, cited Almstead's Case, Brightly's R. 9; Commonwealth *v.* Penn. Ins. Co., 1 Harris 166; Braddee *v.* Brownfield, 2 W. & S. 279.

The opinion of the court was delivered, November 12th 1866, by

AGNEW, J.—These writs of error present precisely the same question. They will therefore be considered together. In several cases decided at this term, we have held that the general bounty laws of 1864 confer an authority, but impose no duty upon the several townships to pay bounties. Each district is left to decide for itself, whether it will offer bounties to volunteers to escape the draft. Without an offer on part of the school board, no presumption arises that the enlistment of the volunteer is in consideration of his receiving a district bounty. The offer and his acceptance implied in the act of enlistment, are both necessary to raise a duty, from which a contract to pay can be implied. In these cases no offer of a bounty had been made before the enlistment, from which a contract to pay could arise. Nor was there any ratification by a subsequent resolution of the school board to pay bounties to those who had enlisted. The judgment of the court was therefore right.

But we do not agree with the learned judge in the reason he gave, that the liability to draft stated in the 3d section of the Act of 25th August 1864 ceased at the instant the name was drawn. Whatever might be deduced by nice criticism from the word itself, the *draft* is not then ended, its machinery continues at work, and the person on whom the lot falls is not fixed in the service, but may still put in his substitute. He is liable to the draft until this is done. The substitute it is, who as a volunteer earns the bounty, and it is only when paid by his principal, the 3d section of the act transfers to the principal the bounty his substitute would otherwise receive. Liability to service and payment to the substitute constitute the ground of title to the offered bounty, which he has paid in ease of the district.

But the judgment of the court being right upon the facts, is therefore affirmed.